## LEE BROS. BAKERY v. R. L. JEFFRIES TRUCKING CO.

### No. 5516.

Court of Appeal of Louisiana. Second Circuit.

Oct. 29, 1937.

Rehearing Denied Dec. 3, 1937.

Irion & Switzer, of Shreveport, for appellant.

R. A. Fraser, of Many, for appellee.

DREW, Judge.

Plaintiff instituted this suit to recover for damages to its truck and merchandise carried thereon at the time. The allegations of plaintiff's petition for its cause of action are as follows:

"1. That at about seven O'clock A. M. on the morning of February 5, 1937, your petitioner's bakery truck, while being operated along the main street of the village of Converse, Sabine Parish, Louisiana, which street is also a State highway, was run into from the rear by a truck, with a trailer attached, owned and being operated by defendant, R. L. Jeffries Trucking Company, and in charge of its driver, J. B. Arnold, with such force as to practically demolish your petitioner's truck, and particularly the body and cab thereon.

"2. Petitioner shows that said collision and the accident occurred solely and alone through the negligence and carelessness of the driver of defendant's truck, and that said accident happened while the said J. B. Arnold, an employee of the defendant, and said truck were in the discharge of the duties and services to the said defendant, said truck being loaded with oil well pipe which was being transported on said truck by or for the defendant trucking company.

"3. Petitioner shows that the driver of its truck was operating said vehicle in an entirely proper and legal manner, with due care and regard for the legal traffic regulations as well as public safety, but

that the driver of the truck of defendant company was driving through the village of Converse at a high and excessive rate of speed, totally disregarding all legal traffic regulations, and without regard or respect to public safety, and that the careless disregard of the law and gross negligence of the driver of defendant's truck was the sole cause of the collision that caused damage to plaintiff's truck, as well as the cargo of bakery products then being carried on plaintiff's truck.

"4. That said accident and collision caused damage to petitioner in the full sum of $450.00, the cost and expense of repairing its truck, and the sum of $50.00 to its shipment of bread and other bakery products which were being transported in its truck at the time of said accident.

"5. Petitioner shows that the said R. L. Jeffries Trucking Company is a non-resident of the State of Louisiana, and is domiciled and doing business at or near the city of Kilgore, Texas; that petitioner is not informed as to whether said defendant is a corporation or a partnership and that it is necessary that a curator ad hoc be appointed to represent the absent defendant herein.

"6. Petitioner shows that the said defendant owns property and particularly the truck hereinabove mentioned, now situated in the Parish of Sabine, and that writs of attachment are necessary to protect petitioner's interest in the premises."

The writ of attachment was prayed for and issued.

Defendant answered, denying all the principal allegations of plaintiff's petition and set out that R. L. Jeffries Trucking Company was merely a trade-name, and that the owner of the truck attached was R. L. Jeffries. He denied that the driver of his truck was guilty of any negligence of any kind, and averred that the accident was due solely and entirely to the negligence of the driver of plaintiff's truck; and further alleged:

"Respondent further shows that his truck was being driven south at a careful, reasonable and prudent rate of speed, not in excess of 25 miles per hour;

"9. That when your respondent's truck reached a point approximately 50 feet from where the Holly Ferry road intersects the highway upon which your respondent's truck was being operated, plaintiff's truck suddenly, negligently and without any warning entered onto said highway from the Holly Ferry road directly in front of your respondent's truck;

"10. That the highway upon which your respondent's truck was being operated was U. S. Highway No. 171, which had the right of way over said Holly Ferry road;

"11. That your respondent's truck was proceeding south when said truck of plaintiff's, which had been proceeding east on said Holly Ferry road, entered onto said U. S. Highway 171 and turned south directly in front of your respondent's said truck;

"12. That as plaintiff's said truck entered onto said U. S. Highway 171 and headed south, it slowed down and came practically to a stop directly in front of your respondent's truck without any warning or signal of any kind.

"13. That at said time there was another truck and trailer loaded with a boiler on said U. S. Highway 171 headed north and meeting your respondent's truck, which said truck when the driver thereof saw the negligent manner in which plaintiff's truck was being operated, was pulled by the driver thereof as far to his right as possible, in order for the respondent's said truck to have room to pass between it and the truck of the said plaintiff.

"14. That on account of the negligence of the driver of plaintiff's truck in stopping or practically stopping on the west side of the highway and on account of the presence of said boiler truck on the east side of the highway, there was not enough room for your respondent's driver to pass between them and, because of the negligence of the driver of plaintiff's truck in coming onto the highway in such close proximity to respondent's truck, respondent's driver was unable to bring the same to a stop and the right side of respondent's truck struck the left rear end of the body of plaintiff's truck;

"15. That there were a number of automobiles parked on the west side of said U. S. highway 171 north of its intersection with the said Holly Ferry road, which obstructed the vision of respondent's driver of said Holly Ferry road, and your respondent's driver had no way of knowing that the driver of plaintiff's truck would suddenly and without warning emerge onto U. S. Highway 171, directly in front of him in too close proximity to permit him to stop.

"16. Respondent further shows that the driver of plaintiff's truck had only one

eye, which impaired his vision, and it was further negligence on the part of plaintiff to permit its truck to be driven by a man with only one eye, and who was thereby handicapped in the operation of said truck;

"17. Respondent further shows in the alternative and only in the alternative, that if the court should find that he was negligent in any respect, which is denied, then and in that event respondent shows that plaintiff's driver was guilty of contributory negligence, contributing to the accident and without which negligence said accident would not have occurred; all as set forth hereinabove, which said contributory negligence respondent specially pleads as a bar to the right of plaintiff to recover herein, in the alternative, as aforesaid."

In the alternative, defendant pleaded contributory negligence on the part of plaintiff's driver, based upon the above-alleged facts.

On the above issues the lower court, after hearing, awarded judgment for plaintiff for the proven damages to its truck and cargo, sustaining the writ of attachment because defendant was a nonresident of this state. Defendant has perfected an appeal to this court.

■ In this court, defendant has practically abandoned his defense of no negligence on the part of his driver, and relies almost entirely on the defense of contributory negligence on the part of plaintiff's driver. The testimony of the driver of defendant's truck, taken alone, is sufficient to establish negligence on his part. He was driving through the business section of the town of Converse. The truck and its load weighed more than 23,000 pounds. Its speed was from 20 to 25 miles per hour, and could not be stopped, under the conditions and circumstances, within a lesser distance than 150 feet. The length of the truck and its load, which consisted of pipe used in oil fields, was not more than 60 feet. It is unnecessary to cite authorities to sustain the principle of law that it is negligence of the grossest character for a truck, with a load of this description, to travel through the business section of a busy town at a speed which will prohibit it from being stopped within a distance of less than 150 feet. If the courts would sanction the acts of the driver of defendant's truck in these circumstances, then the lives of motorists, pedestrians, or any other living thing would be endangered when using the streets of any town. The negligence of the driver of defendant's truck is clear to our minds.

■ The plea of contributory negligence is based upon the allegation that plaintiff's truck entered from a less favored street so close in front of defendant's truck that it was impossible for defendant's driver to stop before striking the truck of plaintiff.

Plaintiff's truck, with a load of bread, pies, and other bakery products, was traveling east on the graveled state highway, and defendant's truck was traveling south on a paved state highway. The two highways intersect in the heart of the business section of the town of Converse, La. There was no stop sign on either highway, which were the streets of Converse, and both occupied by business houses. There is no evidence to show that either street was a favored one. When plaintiff's truck arrived at the intersection which was on its right side of the street, and when it entered the intersection, turned south down the right side of the highway or street on which defendant's truck was traveling, at that time defendant's truck was not less than 60 to 75 feet north of the intersection, and some strong testimony places it more than 300 feet north of the intersection. We think the distance it was north of the intersection is immaterial for the reason it is clearly established that plaintiff's truck had entered the intersection, turned south on its right side, and had traveled 75 feet, partially pulled off the pavement, and was in the act of stopping to make a delivery to one of its customers, when struck from behind by defendant's truck. After striking plaintiff's truck, defendant's truck traveled more than 100 feet before it could be brought to a stop.

If we should assume—which we cannot, under the evidence—that plaintiff's truck in entering the intersection created an emergency, then we could not fail to hold defendant liable, as his truck had at least 150 feet within which to stop, and failed to do so.

Since the evidence discloses that neither street nor highway was a favored one, it is clear that the truck, entering from the right as plaintiff's truck did, had the right of way, even though they had both reached the intersection at the same time. However, this is not a fact in this case, as plaintiff's truck had entered the inter-

section and traveled south 75 feet before being struck from behind by defendant's truck. It is very clear to our minds that the sole and proximate cause of the accident was the speed of defendant's truck, which was such as to prevent the driver from bringing it to a stop within a reasonable distance.

We find no error in the judgment of the lower court, and it is affirmed, with costs.